39 F.3d 1176
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HANOVER TELECABLE, CORPORATION, a/k/a Hanover Telecable,
Incorporated, Plaintiff-Appellant,
v.
NORTHERN COMMUNICATIONS ASSOCIATES, INCORPORATED, Defendant-Appellee,
Robert D. SHAHEEN, Defendant & Third Party Plaintiff-Appellee,
v.
Gail W. PARK, Third Party Defendant.
 No. 92-1629.
 United States Court of Appeals, Fourth Circuit.
 Argued March 3, 1993.
Decided October 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. W. Curtis Sewell, Magistrate Judge. (CA-91-1036-A)
 ARGUED: Keith Alan Rosenberg, Meyer, Faller, Weisman & Rosenberg, P.C., Washington, DC, for Appellant. John E. Coffey, Hazel & Thomas, P.C., Alexandria, VA, for Appellees. ON BRIEF: Morton A. Faller, Sharon M. Goley, Meyer, Faller, Weisman & Rosenberg, P.C., Washington, DC, for Appellant. Dee Ann Cozzens, Hazel & Thomas, P.C., Alexandria, VA, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and VOORHEES, Chief United States District Judge for the Western District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Hanover Telecable, Corporation ("Hanover") appeals from an order of the magistrate judge granting summary judgment for appellee Northern Communications Associates ("Northern") in this contract dispute. We affirm.
 
 
 2
 In May and June of 1988, Communications Development Corporation ("CDC"), an entity controlled by Northern, sold two cable television properties located in Minnesota. Hanover filed suit to recover a portion of the proceeds of these sales, claiming an entitlement under an agreement it concluded with CDC in 1976. While paragraph five of the agreement in question does grant Hanover a ten percent interest in any "Net Proceeds of Liquidation" from the sale of the Minnesota properties, paragraph eleven states that
 
 
 3
 [t]he rights and benefits conveyed to HANOVER hereunder shall remain in full force and effect only so long as HANOVER shall be in good standing as an independent corporation.
 
 
 4
 Appellant's Appendix at 14-15. The Secretary of State of Wisconsin[1] has certified, and Hanover does not contest, that Hanover "went into bad standing on January 1, 1981; and ... a certificate of involuntary dissolution was issued on November 1, 1988."[2] Id. at 16. The magistrate judge concluded that "Hanover was therefore not in good standing when the Minnesota properties were sold and at other times. Based on the clear and unambiguous terms of the contract and the undisputed facts, once Hanover went into bad standing, the aggregate rights and benefits conveyed to Hanover terminated." Opinion of the District Court at 5. We share the district court's interpretation of this unambiguous contract provision, and agree that summary judgment for Northern was proper.
 
 
 5
 Hanover contends that summary judgment was inappropriate because the requirement that it be "in good standing as an independent corporation" is ambiguous. Specifically, it argues that paragraph eleven "can be interpreted [to require only] that Hanover was to remain an independent corporation, i.e., not affiliated with any other corporation or become a subsidiary of any other corporation." Appellant's Br. at 5. As did the magistrate judge, we reject this attempt to read out of paragraph eleven the good standing requirement. Even assuming that paragraph eleven requires Hanover to remain unaffiliated with any other corporation, it was required also to remain in good standing, which, during the relevant time period, it did not do.
 
 CONCLUSION
 
 6
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 WIDENER, Circuit Judge, dissenting:
 
 7
 I respectfully dissent.
 
 
 8
 In my opinion, the language is ambiguous. "Good standing as an independent corporation" has no meaning readily ascertainable from its face. We do not know whether the clause is intended to mean that Hanover must be in "good standing" and "an independent corporation" or merely "an independent corporation" or merely a corporation "in good standing" or something completely different. The words "independent corporation" also do not supply their own meaning from their face and, indeed, none is suggested.
 
 
 9
 I would therefore hold as a matter of law that the disputed language is ambiguous.
 
 
 
 [1]
 Hanover was incorporated in Wisconsin
 
 
 [2]
 The Wisconsin Secretary of State revoked Hanover's involuntary dissolution, and reinstated Hanover as a corporation in good standing, on March 23, 1989